UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MICHIGAN DEPARTMENT OF COMMUNITY HEALTH, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:09-cv-758 |
| v. | )<br>) Honorable Paul L. Maloney<br>) |
| WOODCARE X, INC. d/b/a CARETEL INNS OF LINDEN, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | )<br>) **MEMORANDUM OPINION**<br>)<br>)<br>) |
| Defendants. | ) |

This is a federal question action brought by the Michigan Department of Community Health, a department of the State of Michigan, against Woodcare X, Inc., a Michigan corporation, and the United States Department of Health and Human Services (HHS). Plaintiff's complaint invokes this court's federal-question jurisdiction under 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Before either of the named defendants responded to the complaint, plaintiff moved to realign the parties, such that defendant Woodcare X would be deemed the plaintiff and would be required to assert its claims, now pending against plaintiff in state court, against the HHS as defendant. Chief Judge Paul Maloney has referred plaintiff's motion to me for decision.

Upon review, I find plaintiff's request for realignment to be meritless. Realignment of parties is an analytical device employed by the federal courts to assure that the court has subject-matter jurisdiction. It is applied in both diversity and federal-question cases. In diversity cases, the

district court may realign parties, in an imaginary way, to assure that complete diversity exists. Since the founding of the Republic, it has been the law that complete diversity must exist between all plaintiffs and all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *accord Lincoln Prop. v. Roche*, 546 U.S. 81, 89 (2005). To assure that complete diversity exists, the district court in a diversity case is authorized to realign parties. The principal case cited by plaintiff in support of its motion for realignment, *United States Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992), was a diversity case in which the court was called upon to realign the parties to assure that complete diversity existed. The *USF&G* case demonstrates that, if complete diversity does not exist after the parties have been realigned according to their true interests, the case must be dismissed for lack of jurisdiction.

Realignment is also employed as an analytical device in federal-question cases brought under the Declaratory Judgment Act. Because the Declaratory Judgment Act is procedural only and does not create subject-matter jurisdiction, to determine whether the claim asserted in a declaratory judgment action "arises under" federal law, the court must consider whether the facts alleged in the plaintiff's well-pleaded complaint show that the *defendant* could file a coercive action arising under federal law. *AmSouth Bank v. Dale*, 386 F.3d 763, 775 (6th Cir. 2004). In other words, it is the character of the threatened action, and not of the defense, that determines whether there is federal-question jurisdiction. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952). Thus, in declaratory judgment actions the court will analytically "realign" the parties as they would appear in an imaginary coercive action, to assure that federal-question jurisdiction exists. *See, e.g., Oglala Sioux Tribe v. C&W Enter., Inc.*, 487 F.3d 1129, 1131 (8th Cir. 2007). In the case of both

diversity realignment and federal-question realignment, the exercise is analytical only and does not involve forcing parties to take positions adverse to each other against their wills.

These principles have no application to the present case. Plaintiff does not invoke this court's diversity jurisdiction, nor has any party asked the court to determine whether subject-matter jurisdiction over plaintiff's declaratory judgment action would exist in an imaginary coercive case. Rather, the motion appears designed to force Woodcare X to litigate its claims against HHS, rather than against plaintiff. This is an extraordinary request, not remotely supported by plaintiff's present submission to this court. The only authority that comes close to authorizing the relief sought by plaintiff is Rule 19(a)(2), which allows the court to order a party joined, in a proper case, as an "involuntary plaintiff." This device has its genesis in a patent case, *Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926), and has been applied by the courts almost exclusively in patent and trademark litigation. *See* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1606 (3d ed. 2001). The device is used principally to allow the exclusive licensee of the patent or copyright to prosecute an infringement action by compelling joinder of the owner. *See, e.g., Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1346 (6th Cir. 1977). The majority of cases analyzing the issue limit the authorization of Rule 19(a) to join a party as an involuntary plaintiff to situations in which the joined party "has a duty to allow plaintiff to use his name in the action." 7 WRIGHT, MILLER AND KANE at 77; *see, e.g., Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975); *Hicks v. Intercontinental Acceptance Corp.*, 154 F.R.D. 134, 135 (E.D.N.C. 1994).

At the present stage of this case, there is no factual basis to invoke this arcane provision of federal procedural law. "The law generally disfavors forced joinder of a party as a

plaintiff with whatever procedural hardships that normally entails. Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973). Neither Woodcare X nor HHS has filed an answer or other pleading asserting a claim against the other. There is no occasion for the court to manufacture any antagonism between these two parties, merely because plaintiff believes that they should be suing each other instead of plaintiff.

Plaintiff's motion to realign parties is ill-advised and will therefore be denied.


Dated: November 4, 2009          /s/ Joseph G. Scoville  
                                                            United States Magistrate Judge